IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE GARRETT,

        Plaintiff,

vs.                           Case No. 12-1264-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments. The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On April 27, 2011, administrative law judge (ALJ) Christina Young Mein issued her decision (R. at 11-22). Plaintiff alleges that he has been disabled since October 5, 2007 (R. at 11). At step one, the ALJ found that plaintiff has not engaged in

4

substantial gainful activity since plaintiff's application date of October 23, 2009 (R. at 13). At step two, the ALJ found that plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, rheumatoid arthritis, obesity, bipolar disorder and a personality disorder (R. at 13). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 13). After determining plaintiff's RFC (R. at 15), the ALJ determined at step four that plaintiff has no past relevant work (R. at 20). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 21). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 21-22).

**III. Are the ALJ's RFC findings supported by substantial evidence?**

The ALJ made the following RFC findings:

> …claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), except he can occasionally reach overhead bilaterally. Additionally, the claimant is limited to simple, routine, repetitive tasks with occasional interaction with co-workers and the general public.

(R. at 15). Plaintiff only takes issue with the physical RFC findings. Therefore, the court will examine the medical evidence relevant to plaintiff's physical RFC.

5

Dr. Lewis performed a consultative examination on December 12, 2009 (R. at 278). He found pain in plaintiff's knees and lumbar spine. He stated that lumbar bend is 18" to the floor, that plaintiff has 5 pounds of grip strength in the right hand and 20 pounds of grip strength in the left hand (R. at 279). He found plaintiff's motor and sensory functions to be intact; he further found that plaintiff had moderate to severe difficulty with heel and toe walking, moderate difficulty in squatting 2/3 of the way down, and that plaintiff was unable to hop. He concluded that plaintiff had a diminished range of motion to the bilateral knees and lumbar spine (R. at 280).

On February 11, 2010, Dr. Tella performed a physical RFC assessment (R. at 297-303) based upon a review of the consultative examinations (R. at 302), including the examination by Dr. Lewis. Dr. Tella limited plaintiff to lifting 50 pounds occasionally and 25 pounds, and found that plaintiff could frequently perform various postural tasks (R. at 298-299). Dr. Tella provided a detailed narrative discussion of the evidence and explained the basis for his opinions (R. at 302). His opinion was affirmed by Dr. Siemsen on May 13, 2010 (R. at 310). The ALJ gave great weight to this assessment (R. at 19).

Plaintiff argues that the ALJ erred by relying on the assessment by Dr. Tella based on an entirely different set of impairments than those deemed severe by the ALJ. Although the

wording of the impairments varies somewhat, both the ALJ and Dr. Tella evaluated limitations stemming from plaintiff's back and knee impairments, both referenced plaintiff's arthritis, and the assessment by Dr. Lewis, which was reviewed by Dr. Tella, mentioned that plaintiff was obese.  The court finds this argument by plaintiff to be without merit.

Plaintiff argues that various pieces of the medical evidence demonstrate that plaintiff cannot perform medium work (Doc. 11 at 8-13), as opined by Drs. Tella and Siemsen, and adopted by the ALJ.  Plaintiff cites to medical records from Dr. Hagemann, who saw plaintiff on March 5, 2009 and April 13, 2009 (R. at 325-328).  However, the findings and diagnosis by Dr. Hagemann, on their face, do not indicate that plaintiff cannot perform medium work.  The same is true for other findings and diagnoses in the record; nothing in the record establishes that these findings and diagnoses are incompatible with medium work. There is no medical opinion that any of these findings or diagnoses preclude medium work.

Dr. Lewis, in his consultative examination noted plaintiff's limitations with straight leg raising, lumbar bending, and grip strength in his right and left hand (R. at 279).  He also found that plaintiff had moderate to severe difficulty with heel and toe walking, and moderate difficulty squatting (R. at 280).  Drs. Tella and Siemsen reviewed the

consultative examination by Dr. Lewis, but nonetheless opined that plaintiff could frequently[2] engage in various postural maneuvers (climbing, balancing, stooping, kneeling, crouching and crawling) (R. at 299). Dr. Tella set forth a narrative explanation for his findings (R. at 302).

First, the court will not reweigh the evidence or substitute its judgment for that of the Commissioner. <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005); <u>White v. Barnhart</u>, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. <u>See</u> <u>Glenn v. Shalala</u>, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). There is no medical opinion evidence that states that plaintiff cannot frequently perform postural maneuvers. Although the findings of Dr. Lewis could lead the ALJ to question whether plaintiff can frequently perform all of the postural maneuvers set out in the RFC assessment (R. at 299), it is not clear that the opinions of Dr. Lewis and Dr. Tella are incompatible. There is no medical opinion evidence that the opinions of Dr. Lewis and Dr. Tella are incompatible. Furthermore, the ALJ can reasonably rely on

---

[2]"Frequently" is defined an activity or condition that exists from 1/3 to 2/3 of the time. <u>Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles</u>, U.S. Department of Labor (1993 at C-3).

the narrative explanation of Dr. Tella to give more weight to his opinion.

Second, even if it could be argued that the ALJ should have given greater weight to the mild to severe difficulties with orthopedic maneuvers noted by Dr. Lewis in his report (R. at 280) and limited plaintiff to only occasional postural maneuvers, the vocational expert (VE) at the hearing testified that even if plaintiff was limited to only occasional[3] postural maneuvers, plaintiff could still perform the medium jobs previously identified by the VE as jobs that plaintiff could perform (R. at 45-47).[4] Therefore, any failure to include the limitations of Dr. Lewis in the RFC findings is, at most, harmless error.

Given the fact that there is no medical opinion evidence that indicates that plaintiff cannot perform medium work along with certain other limitations set out in the ALJ's RFC findings, and the fact that the ALJ, in making his RFC findings, reasonably relied on an RFC assessment by two doctors who have reviewed consultative examinations and other records, and provided a detailed narrative discussion of the evidence and the basis for their findings, the court finds that substantial evidence supports the ALJ's RFC findings.

---

[3]"Occasionally" is defined an activity or condition that exists up to 1/3 of the time. Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, U.S. Department of Labor (1993 at C-3).

[4] There is no evidence that plaintiff could never engage in various postural maneuvers.

9

**IV. Did the ALJ err in her analysis of plaintiff's credibility?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ

10

considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

In light of the medical evidence, the ALJ found that plaintiff's allegations of disabling limitations were not credible. The ALJ noted that nothing in the medical treatment records established a more restrictive RFC (R. at 19). The ALJ noted that no treatment provider had placed any limitations on plaintiff's ability to work (R. at 20). The ALJ gave great weight to the only medical opinion evidence regarding plaintiff's RFC (R. at 19). The court will not reweigh the evidence. The court finds that substantial evidence supports the ALJ's credibility findings.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 31st day of July, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge